Ouria, per JohNstoN, Ch.
Without considering the other points in this cause, we are of opinion the bill should be dismissed on the statute of limitations alone.
The debt due the plaintiff is the only ground of the equitable relief claimed by him, and if that is barred the remedies consequent upon it must fall to the ground.
This debt being a legal demand, the statute must be applied not by analogy but directly, in the same manner as a law court would apply it, if the debt were sued on in that tribunal.
The statute makes no distinction between demands due by persons resident abroad and those owing by citizens resident in this State, and to draw such a distinction would be to create an *122 exception where the statute draws none, and that, in this case, without reason or propriety.
Nothing need be added to the remarks of the Chancellor, .to shew that the statute of Anne was not intended to apply to foreigners constantly residing abroad, the tribunals of whose countries afford a continual and unembarrassed opportunity to their creditors, but to citizens forsaking the tribunals to which they are naturally amenable, and where they might be expected to be found, and going abroad, probably without establishing any fixed domicile where they might be impleaded. These, when they return to their own forums, shall not take advantage of the suspension wrought by their own dereliction. But no such reasoning applies to those who never owed amenability to our courts.
There was never, so far as we can see, any impediment in ' the way of the plaintiff’s establishing his demand against James A. Berry in North Carolina, and thus imparting to it a rank which would have freed it from the operation of the statute; for although, by taking the benefit of the insolvent law of that State, he seems to have escaped a liability to be arrested, he was liable to be sued.
When these privileges were open to the plaintiff for upwards of seven years during the life of Berry, and he neglected them, and when to this neglect he has added the omission to take any step from the date of his debt, a period of now nearly twenty years, the court sees such evidence of laches as to fully authorize it to apply the bar of the statute. It feels, at least, that the circumstances are not such as should induce the application of the statute of Anne, by an equitable construction, to the case of a foreign debtor, and thus create an exception to the statute of limitations which is not made on its face.
It is ordered that the decree be reversed and the bill dismissed.
The whole court concurred.